IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| STEPHEN BOLLSCHWEILER, RAYMOND C. ARMENDARIZ, DANIEL DUCHENE, JOSE J. CALZADILLA, HERLINDA A. AVILA, SHARON HOOVER, RAY A MERRILL SR., and ADRIAN J. NUNEZ | § § § § § § § | |
| **Plaintiffs** | § § | NO. 3:14-CV-00275-DB |
| v. | § § | |
| EL PASO ELECTRIC COMPANY, | § § | |
| **Defendant** | § § | |

### DEFENDANT'S TRIAL BRIEF REGARDING FLUCTUATING WORKWEEK'S LIMITATION ON DAMAGES ALLEGED BY PLAINTIFFS

Defendant El Paso Electric Company ("EPE" or "Defendant") submits this trial brief because Plaintiffs' alleged damages are limited under the fluctuating workweek method.

1.  EPE was not required by the FLSA to pay Plaintiffs overtime compensation because Plaintiffs are overtime-exempt as Administrative Employees.

2.  Even if Plaintiffs were entitled to receive overtime compensation as non-exempt employees, Plaintiffs' damages are limited under the fluctuating workweek method (FWW), which is approved by the United States Department of Labor. *See* 29 C.F.R. § 778.114. Under the FWW, overtime pay is calculated at one-half an employee's regular rate. Courts properly use the fluctuating workweek method to calculate a back pay award for unpaid overtime (rather than the alternative time-and-a-half formula) when there is a "clear mutual understanding" that workers are paid a fixed salary regardless of the number of hours they worked each workweek. *Ransom v. M. Patel Enters.*, 734 F.3d 377, 380 (5th Cir. 2013). That is precisely the case here.

3.      The FLSA sets the standard workweek at forty hours and requires employers to pay non-exempt employees no less than one and one-half times their regular rate of pay for any hours worked in excess of forty.  29 U.S.C. § 207(a)(1).  The term "regular rate" is not defined by statute, but is defined by regulation.  *See* 29 C.F.R. § 778.109 ("The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid.").  When an employee is paid a specific weekly salary for a specified number of hours (*i.e.,* a non-fluctuating workweek), the regular rate is calculated by "dividing the salary by the number of hours which the salary is intended to compensate."  29 C.F.R. § 778.113(a) (emphasis added).  Thus, when an employee receives fixed pay for a specific number of predetermined hours (*e.g.*, 40), the regular rate equals pay divided by that same number of hours; but when he receives fixed pay for *unspecified* hours that fluctuate week by week, the regular rate equals pay divided by all hours actually worked in the workweek.  *See* 29 C.F.R. § 778.114(a).  Thus, the FWW method calculates an employee's regular rate of pay by dividing weekly wage by the total number of hours worked in a given week rather than by 40.

4.      If a trier of fact finds that a misclassified employee is due overtime pay, the Court determines the method for calculating damages.  *Ransom*, 734 F.3d at 381 ("[T]he number of hours the plaintiffs' fixed salary was intended to compensate, from which an employee's "regular rate" of pay (salary ÷ hours), is a question of fact; once the regular rate of hourly pay been determined, the appropriate methodology to determine the total amount owed, a question of law, is then applied."); *see also Urnikis-Negro v. American Family Prop. Servs*, 616 F.3d 665, 679 (7th Cir. 2010) (stating that the court "must ascertain the employee's regular rate of pay and calculate an appropriate overtime premium based on that rate").  The FWW method of

calculating overtime derives from *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942). In the Fifth Circuit, courts apply the FWW's half-time formula in misclassification cases. *See e.g., Ransom,* 734 F.3d at 385. Thus, if the jury determines that the salaried employees were misclassified, binding precedent requires the Court to apply the FWW method.

5. The FWW applies here because the undisputed evidence establishes that (1) Plaintiffs' hours fluctuated from week to week; (2) Plaintiffs received a fixed weekly salary that remained the same regardless of the number of hours worked during the week; and (3) there was a clear understanding that Plaintiffs would be paid the fixed salary regardless of the number of hours worked. Plaintiffs worked a rotating schedule where their hours fluctuated each and every week – some weeks they worked over 40 hours per week and in many weeks, they worked substantially less than 40 hours per week. Regardless of the number of hours worked each week, Plaintiffs received the same salary. Plaintiffs cannot dispute these key points.

6. The question of whether an employer and employee agreed to a fixed weekly wage for fluctuating hours is a question of fact. *Ransom*, 734 F.3d at 381 ("[T]he number of hours the [employee's] fixed salary was intended to compensate . . . is a question of fact."). However, Plaintiffs present no evidence disputing that their (1) hours varied and (2) salaries were intended to compensate them for all hours worked. Nevertheless, Defendant has proposed a jury instruction on this issue, in case Plaintiffs contradict their previously-sworn testimony on this issue.

7. The Fifth Circuit applies the FWW method for calculating any overtime damages due to misclassified plaintiffs. Accordingly, Defendants request that the Court apply the fluctuating workweek if Plaintiffs are found to have been misclassified as exempt.

        Respectfully submitted,

        */s/ Jeremy W. Hawpe*
        Jeremy W. Hawpe
        Texas Bar No. 24046041
        Kimberly R. Miers
        Texas Bar No. 24041482
        Greg P. McAllister
        Texas Bar No. 24071191

        **LITTLER MENDELSON, PC**
        2001 Ross Avenue
        Suite 1500, Lock Box 116
        Dallas, Texas 75201-2931
        Telephone:  (214) 880-8100
        Fax:  (214) 880-0181
        jhawpe@littler.com
        kmiers@littler.com
        gmcallister@littler.com

        AND

        Francis Patrick Kinson
        Texas Bar No. 24027118

        **EL PASO ELECTRIC COMPANY**
        100 N. Stanton St., Loc. 167
        El Paso, Texas  79901
        Telephone:  (915) 543-2018
        Fax:  (915) 521-4628
        frank.kinson@epelectric.com

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was forwarded to Plaintiffs' Counsel via ECF notification on October 26, 2015.

        */s/ Jeremy W. Hawpe*
        Jeremy W. Hawpe

Firmwide:136303528.1 078732.1002