IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| STEPHEN BOLLSCHWEILER, | § | |
| RAYMOND C. ARMENDARIZ, | § | |
| DANIEL DUCHENE, JOSE J. | § | |
| CALZADILLA, HERLINDA A. AVILA, | § | |
| SHARON HOOVER, RAY A MERRILL | § | NO. 3:14-CV-00275-DB |
| SR., and ADRIAN J. NUNEZ | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| v. | § | |
| EL PASO ELECTRIC COMPANY, | § | |
| | § | |
| | § | |
| **Defendant** | § | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND CHARGE

Pursuant to Federal Rules of Civil Procedure 49 and 51, Defendant El Paso Electric Company ("EPE" or "Defendant") files and serves these Proposed Jury Instructions and Charge.[1]

By submitting these Proposed Jury Instructions and Charge, Defendant: (1) does not waive its arguments that it should prevail on all or some issues as a matter of law; (2) does not admit liability or waive any of its defenses or arguments; (3) reserves all evidentiary and legal sufficiency objections for the time of trial; and (4) reserves the right to modify the proposed instructions, questions, and objections contained in these Proposed Jury Instructions and Charge to conform with the law and the evidence submitted in this case.

---

[1] These instructions are based off the assumption that the Court has granted Defendant's Motion for Summary Judgment, in part, and will dismiss Plaintiffs Merrill, Calzadilla and Armendariz.

Respectfully submitted,

_/s/ Jeremy W. Hawpe_____
Jeremy W. Hawpe
Texas Bar No. 24046041
Kimberly R. Miers
Texas Bar No. 24041482
Greg P. McAllister
Texas Bar No. 24071191

**LITTLER MENDELSON, PC**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201-2931
Telephone:  (214) 880-8100
Fax:  (214) 880-0181
jhawpe@littler.com
kmiers@littler.com
gmcallister@littler.com

AND

Francis Patrick Kinson
Texas Bar No. 24027118

**EL PASO ELECTRIC COMPANY**
100 N. Stanton St., Loc. 167
El Paso, Texas  79901
Telephone:  (915) 543-2018
Fax:  (915) 521-4628
frank.kinson@epelectric.com

**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a true and correct copy of the foregoing was forwarded to Plaintiffs' Counsel via ECF notification on October 26, 2015.

_/s/ Jeremy W. Hawpe_____

## INSTRUCTION NO. 1
## GENERAL INSTRUCTIONS

**MEMBERS OF THE JURY**:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow.  It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either plaintiffs or defendant, you must disregard that impression.  If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression.  You are the sole judges of the facts of this case.  Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence.  The statements of counsel are not evidence; they are only arguments.  It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and the other evidence submitted.  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendant in arriving at your verdict.[2]

Given as requested:           _____

Refused:                      _____

Modified as noted, and given: _____

Dated:                        _____

---

[2] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) § 3.1 (2014) (modified).

## <u>INSTRUCTION NO. 2</u>

### BIAS—CORPORATE PARTY INVOLVED

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[3]

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

_____

[3] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.16 (2014).

## INSTRUCTION NO. 3

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

You will have to decide whether certain facts were proved. The burdens of proving those facts are described in the Instructions below.   Each party has the burden of proving their case by a preponderance of the evidence.   To establish by a preponderance of the evidence means to prove something is more likely so than not so.

If you find that a party failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.[4]

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

----

[4] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) § 3.2 (2014) (modified)

## INSTRUCTION NO. 4
### EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[5]

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

---

[5] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 3.3 (2014).

## INSTRUCTION NO. 5
### STIPULATIONS OF FACT

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.[6]

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

---

[6] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.3 (2014).

**INSTRUCTION NO. 6**

**FAIR LABOR STANDARDS ACT (FLSA) (29 U.S.C. §§ 201, *et seq.*)**

This case arises under the Fair Labor Standards Act, or the "FLSA." Plaintiffs Stephen Bollschweiler, Daniel Duchene, Herlinda Avila, Sharon Hoover, and Adrian Nunez claim that the FLSA requires EPE to pay overtime pay to all Plaintiffs. EPE maintains that the Plaintiffs are not entitled to overtime pay because the law exempts them from the FLSA's overtime requirements.

To succeed on his or her claim, each Plaintiff must prove each of the following facts by a preponderance of the evidence:

1.     Plaintiff was an employee of Defendant EPE during the relevant period;

2.     Plaintiff was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00; and

3.     Defendant EPE violated the FLSA.[7]

The parties have agreed and stipulated to the first and second facts. Therefore, you need only determine the third element of the FLSA overtime claims.

Given as requested:            _____

Refused:                              _____

Modified as noted, and given:  _____

Dated:                                _____

---

[7] *See* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) § 11.24 (2014) (modified); *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 331 (5th Cir. 2000).

## INSTRUCTION NO. 7
## ADMINISTRATIVE EMPLOYEE EXEMPTION

Defendant EPE contends Plaintiffs were not entitled to overtime pay because they were administrative employees exempt from the federal overtime requirements of the FLSA. The FLSA excludes from the overtime requirement those employees who work in a bona fide administrative capacity.[8]

Your verdict must be for Defendant EPE if all of the following elements have been proved by a preponderance of the evidence:

*First*, each Plaintiff was compensated on a salary basis at a rate not less than $455 per week; and

*Second*, each Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of Defendant EPE; and

*Third*, each Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.[9]

With respect to the first and second elements, the parties have stipulated or agreed that Plaintiffs were paid on a salary basis at a rate of not less than $455 per week and performed non-manual office work. Therefore, the only questions are whether each Plaintiff's primary duty: (1) was the performance of work directly related to the management or general business operations of Defendant EPE; and (2) included the exercise of discretion and independent judgment with respect to matters of significance.

Given as requested: _____

Refused: _____

---

[8] 29 U.S.C. § 213(a)(1); *Lott*, 203 F.3d at 331.
[9] MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT § 16.61 (2014 ed.) (modified).

Modified as noted, and given:     _____

Dated:                           _____

**INSTRUCTION NO. 8**

**PRIMARY DUTY**

"Primary duty" means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole.[10]

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

---

[10] 29 C.F.R. § 541.700.

**INSTRUCTION NO. 9**
**"DIRECTLY RELATED"**

An employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers. The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.[11]

Work directly related to management or general business operations includes work in functional areas such as quality control, safety and health, legal and regulatory compliance, and similar activities.[12]

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

---

[11] 29 C.F.R. § 541.201(a).
[12] *See* 29 C.F.R. § 541.201(b).

## INSTRUCTION NO. 10
## DISCRETION AND INDEPENDENT JUDGMENT

In general, this involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. "Matters of significance" refers to the level of importance or consequence of the work performed.[13]

Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to, whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision.

---

[13] 29 C.F.R. § 541.202(a).

However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. The term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.[14]

The fact that many employees perform identical work or work of the same relative importance does not mean that the work of each such employee does not involve the exercise of discretion and independent judgment with respect to matters of significance.[15]

The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources.[16] However, a requirement that an employee must consult with manual or guidelines does not preclude their exercise of discretion and independent judgment.[17] The use of manuals, guidelines or other established procedures containing or relating to highly technical, scientific, legal, financial or other similarly complex matters that can be understood or interpreted only by those with advanced or specialized knowledge or skills does not preclude exemption under the FLSA. Such manuals and procedures provide guidance in addressing

---

[14] 29 C.F.R. § 541.202(c); *Lott*, 203 F.3d at 331 ("Final decision making authority over matters of consequence is unnecessary"); *McKee v. CBF Corp.*, 299 F. App'x 426, 431 (5th Cir. 2008) ("decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action.").

[15] 29 C.F.R. § 541.202(d).

[16] 29 C.F.R. § 541.202(e).

[17] *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 585 (5th Cir. 2006).

difficult or novel circumstances and thus use of such reference material would not affect an employee's exempt status.[18]

       Given as requested:        _____

       Refused:        _____

       Modified as noted, and given:        _____

       Dated:        _____

---

[18] 29 C.F.R. § 541.704.

## QUESTION NO. 1

For each Plaintiff, has Defendant EPE proved that the Plaintiff was properly classified as exempt employee?[19]

| | | |
|---|---|---|
| *Stephen Bollschweiler* | _____YES | _____NO |
| *Sharon Hoover* | _____YES | _____NO |
| *Linda Avila* | _____YES | _____NO |
| *Adrian Nunez* | _____YES | _____NO |
| *Daniel Duchene* | _____YES | _____NO |

**Note:** If you answered "Yes" for each Plaintiff, you do NOT need to answer any more questions.

If you answered "No" for any Plaintiff, then answer Question No. 2 for any Plaintiff for whom you answered "No" above.

---

[19] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) § 11.24 (2014) (modified).

## INSTRUCTION NO. 11

### DAMAGES

If you answered "No" to Question 1 for any of the Plaintiffs, you must determine whether Defendant's failure to pay overtime was a willful violation of the Fair Labor Standards Act.

Not all violations of the Fair Labor Standards Act are willful. A failure to pay overtime is willful if Plaintiffs proved that Defendant *knew* that its conduct was prohibited by the federal law regarding overtime pay, or showed reckless disregard for whether its conduct was prohibited by the federal law regarding overtime pay.

Plaintiffs bear the burden of establishing willfulness by a preponderance of the evidence. A willful violation cannot be established merely by showing or suggesting that the Defendant could have done more to eliminate alleged unreported and unpaid work. If you determine that Defendant's conduct was merely negligent, you may not find that the Defendant's conduct was willful. Willfulness requires more than mere negligence, unreasonable conduct or the bare fact that a pay practice violates the statute.[20] An employer's actions are not "willful" merely because it is aware the FLSA is "in the picture." An employer's actions are not "willful" simply because it decided not to seek legal advice about complying with the FLSA. An employer who believes in good faith that its conduct complies with the Fair Labor Standards Act cannot be found to have committed a willful violation.[21]

---

[20] *Mohnacky v. FTS Int'l Servs., LLC*, No. SA-13-CV-246-XR, 2014 U.S. Dist. LEXIS 140075, at *15-16 (W.D. Tex. Oct. 2, 2014) (Rodriguez, J.) ("Mere negligence is insufficient to establish willfulness. *See Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990) (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 135 (1988))). The burden is on the employee to show willfulness. *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001). In general, to show reckless disregard of the FLSA, an employee must show that the employer had some reason to know that its conduct violated the FLSA beyond mere ignorance of the law. *Mireles*, 899 F.2d at 1416. For example, a violation may be willful if the employer had previously been put on notice that its practices violated the statute. *See Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994).

[21] 8TH CIR. CIVIL JURY INSTR. § 16.72 (2013); 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (plaintiff must prove the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA); *Hanger v. Lake County* et al., 390 F.3d 579, 583-84 (8th Cir. 2004)

---

Given as requested:                    _____

Refused:                               _____

Modified as noted, and given:          _____

Dated:                                 _____

---

(accepting *McLaughlin* standard, describing that failure to seek legal advice and knowledge of FLSA do not amount to willfulness); *EEOC v. Cherry-Burrell Corp.*, 35 F.3d 356, (8th Cir. 1994) (in Equal Pay Act case, applying FLSA standard for "willfulness"; noting that "reckless disregard," not mere negligence, is required); *Redman v. U.S. West Bus. Res., Inc.*, 153 F.3d 691, 695 (8th Cir. 1998); *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 703 (3d Cir. 1994) (no finding of willfulness where overtime hours "were not solely due to [the employer's] directives); *Sedrick v. All Pro Logistics, LLC*, 2009 U.S. Dist. LEXIS 91190 (N.D. Ill. Sept. 30, 2009) (*citing Bankston v. Illinois*, 60 F.3d 1249 (7th Cir. 1995) ("[a]n employer acts willfully, for purposes of establishing the proper statute of limitations, where he knows or shows reckless disregard for whether his actions are unlawful under the FLSA")); *Damassia v. Caballero*, 2005 U.S. Dist. LEXIS 9768, *7, n. 2 (S.D.N.Y. May 17, 2005) (regarding willfulness, Plaintiffs must prove more than that defendant "should have known" it was violating the law); *Sherman v. Premium Concrete Cutting, Inc.*, 2004 U.S. Dist. LEXIS 12429, at *9-11 (N.D. Ill. July 1, 2004) (describing willfulness as "denoting a range of culpability from gross negligence to actual knowledge plus malice depending on the context" and "some highly culpable mental state either actual knowledge that one's acts violate the law or reckless indifference to the law"); *Yourman v. Dinkins*, 865 F. Supp. 154, 160 (S.D.N.Y. 1994) (even if the unlawfulness of defendants' policies was "obvious, that alone is not sufficient to establish defendants' willfulness." The fact that defendants "lacked a reasonable basis" to believe that their policies complied with the FLSA "will not support a finding [of] willful[ness]"); *Duncan v. Brockway Standard, Inc.*, 1992 U.S. Dist. LEXIS 21165, *17 (N.D. Ga. Sept. 21, 1992) ("the showing needed for a finding of willful is demanding in that even if an employer acted unreasonably, if the employer's action was not reckless in determining its legal obligations under the FLSA, such action is not "willful").

---

## QUESTION NO. 2.

Have Plaintiffs proved that Defendant EPE knew that its conduct was prohibited by the
FLSA or showed reckless disregard for whether the FLSA prohibited its conduct?[22]

| | | |
|---|---|---|
| *Stephen Bollschweiler* | _____ YES | _____ NO |
| *Sharon Hoover* | _____ YES | _____ NO |
| *Linda Avila* | _____ YES | _____ NO |
| *Adrian Nunez* | _____ YES | _____ NO |
| *Daniel Duchene* | _____ YES | _____ NO |

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

---

[22] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) § 11.25 (2014).

## QUESTION NO. 3

For each Plaintiff for whom you answered "No" to Question No. 1 and "Yes" to Question No. 2, do you find by a preponderance of the evidence that: (1) Plaintiff's hours fluctuated from week to week; (2) Plaintiff received a fixed weekly salary that remained the same regardless of the number of hours worked during the week; and (3) there was a clear mutual understanding that Plaintiff would be paid a fixed weekly salary regardless of the number of hours he/she worked?[23]

| | | |
|---|---|---|
| *Stephen Bollschweiler* | _____ YES | _____ NO |
| *Sharon Hoover* | _____ YES | _____ NO |
| *Linda Avila* | _____ YES | _____ NO |
| *Adrian Nunez* | _____ YES | _____ NO |
| *Daniel Duchene* | _____ YES | _____ NO |

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

Firmwide:136107961.4 078732.1002

---

[23] *See* 29 C.F.R. § 778.114; *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 62 S. Ct. 1216, 86 L.Ed. 1682 (1942), *superseded by statute on other grounds as recognized in Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128, n.22 (1985); *Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 384 (5th Cir. 2013); *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135 (5th Cir. 1988).